# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:10-CR-126 |
| | § | |
| WILLIE WALKER | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed January 5, 2012, alleging that the Defendant, Willie Walker, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on March 24, 2006, before the Honorable J. Leon Holmes, United States District Judge of the Eastern District of Arkansas, after pleading guilty to the offense of attempted enticement of a minor, a class B felony. The offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of IV, was 70 to 87 months. The Defendant was sentenced to 77 months' imprisonment, which was followed by a three-year term of supervised release, subject to the standard conditions of release, plus special conditions to include: sex offender treatment; abide by sex offender registration requirements; no contact with minors (under the age of 18) without the

written approval of the probation officer; prohibited from possessing, subscribing to, or viewing any video, magazines, or literature depicting children in the nude or in sexually explicit positions; and a $100 special assessment.

## II.  The Period of Supervision

On September 1, 2010, the Defendant completed his period of imprisonment and began service of his supervision term in the Eastern District of Texas.  On January 3, 2011, the Defendant's case was transferred to the Eastern District of Texas and assigned to the Honorable Ron Clark, U.S. District Judge.  On February 16, 2011, the court order was modified to include, "The defendant shall not purchase, have contact with, or use devices, to include cellular telephones with photographic capability; cellular telephones with Internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices, such as thumb drives and flash memory; or any other type of portable electronic device capable of communicating data via modem, wireless, or dedicated connection.  The defendant shall also refrain from the purchase, possession, or use of digital cameras, digital recorders; or any other type of recording and/or photographic equipment."  On October 4, 2011, the court order was modified to include, "The defendant shall totally abstain from any and all alcohol use while on supervised release."

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on January 5, 2012.  The petition alleges that the Defendant violated the following conditions of release:

1. Special Condition: The defendant shall not purchase, have contact with, or use devices, to include cellular telephones with photographic capability; cellular telephones with Internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices, such as thumb drives and flash memory; or any other type of portable electronic device capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras, digital recorders; or any other type of recording and/or photographic equipment.

2. Special Condition: The defendant must participate in mental health counseling specializing in sexual offender treatment under the guidance and supervision of the probation officer and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred but may be considered in a hearing to modify release conditions. The defendant must contribute to the costs of such treatment and polygraphs.

The petition alleges that on November 9, 2011, Walker admitted to his polygrapher to have accessed the Internet without permission of his probation officer, and that on January 4, 2012, Walker was unsuccessfully discharged from the court-ordered treatment for failing to abide by rules, requirements, and conditions.

### IV. Proceedings

On January 17, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced a partial agreement as to a recommended disposition. The Defendant agreed to plead "true" to allegation number two (2) that he violated a special condition of supervised release, to wit: "The defendant must participate in mental health counseling specializing in sexual offender treatment under the guidance and supervision of the probation officer and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred but may be considered in a hearing to modify release conditions. The defendant must contribute to the costs of such treatment and polygraphs."

The parties agreed the court should revoke the Defendant's supervised release and impose a sentence of nine (9) months' imprisonment, but failed to agree on a term of supervised release to be imposed thereafter. The Government requested an additional 2 years of supervised release, and the Defendant requested no supervised release to follow his imprisonment. The Defendant further requested that he serve his imprisonment at the Federal Correctional Institute in Seagoville, Texas.

### V.  Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by being unsuccessfully discharged from the court-ordered sex offender treatment program, Walker will be guilty of committing a Grade C violation and the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated a court-ordered condition of supervised release by being unsuccessfully discharged from the court-ordered sex offender treatment program. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is IV. Policy guidelines suggest 6 to 12 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a 9 month term of incarceration.

Furthermore, according to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Under U.S.S.G. § 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment that can be imposed upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by

the same statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

After considering the factors enumerated above, the undersigned recommends that the Defendant be sentenced to a 9 month term of imprisonment and a 2 year term of supervised release. In making the recommendation, the undersigned notes that the Defendant's supervised release terms have been amended twice previously, and that a 2-year supervised release is still less than half of the maximum term the court could impose. The undersigned applauds Walker for maintaining suitable employment; however, his unsuccessful discharge from court-ordered treatment is unjustifiable and should not be rewarded with waiving supervised release after his second stint of imprisonment. Supervised release conditions are designed to monitor a defendant's adjustment outside prison, and Walker can benefit from the additional conditions imposed by a term of supervised release and has not shown such supervision is unwarranted or unnecessary.

### VII. Recommendations

1. The court should find that the Defendant violated a condition of supervised release by being unsuccessfully discharged from the court-ordered sex offender treatment program

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583;

3. The Defendant should be sentenced to a term of imprisonment of nine (9) months, with a 2-year term of supervised release thereafter; and

4. The Defendant's sentence of imprisonment should, if possible, be served at the Federal Correctional Institute in Seagoville, Texas.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 18th day of January, 2012.

_____
Zack Hawthorn
United States Magistrate Judge